UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Allstate Insurance Co., | : | |
|     Plaintiff, | : | Civ. No. 3:10cv88 (SRU) |
| | : | |
| v. | : | |
| | : | |
| Radhakrishnan Nair, | : | |
|     Defendant. | : | |

RULING AND PERMANENT INJUNCTION ORDER

The plaintiff, Allstate Insurance Co. ("Allstate"), commenced this action on January 21, 2010. The facts giving rise to the allegations in the complaint stem from a prior action brought by defendant, Radhakrishnan Nair, against Allstate. In 2002, Nair, a former exclusive agent of Allstate, sued plaintiff following the termination of his agency relationship with Allstate. The parties entered into a Confidential Settlement Agreement and General Release ("settlement agreement") dated January 14, 2003, which resolved Nair's claims. As a result I dismissed the prior action with prejudice. In October 2003, Nair initiated suit against Kimberly Carmichael, a regional manager for Allstate, once again challenging his termination. I granted defendant's motion for summary judgment on the basis of *res judicata.* I held that the terms of the settlement agreement are enforceable and Nair is barred from pressing any claim against Allstate related to Nair's termination. In 2005, Nair filed a notice of voluntary dismissal of his claims against Carmichael.

Since 2005 Nair has contacted Allstate over forty times demanding additional compensation for his termination and threatening to pursue charges of fraud and criminal activity if Allstate fails to meet Nair's demands. Accordingly, Allstate initiated the instant action alleging breach of contract and breach of the covenant of good faith and fair dealing. Nair counterclaimed that any judgment obtained from the 2002 action is void because the amount in controversy did not meet the federal diversity jurisdiction requirement of $75,000 and that the 2002 and 2003 actions were improperly removed to

federal court and any settlement obtained is therefore unenforceable.  The parties have filed cross-motions for summary judgment on the complaint and the counterclaim.

On September 8, 2010, I heard argument on the pending motions.  Nair did not dispute that he continues to make demands for payment from Allstate despite the terms of the settlement agreement; he takes the position that he is not bound by the settlement agreement.[1]  Having considered the record on summary judgment and my prior ruling that the settlement agreement is valid and enforceable, I concluded that Nair is liable to Allstate for breach of contract.[2]  Allstate's motion for summary judgment was granted; Nair's motion for summary judgment was denied.  Accordingly, judgment is entered in favor of Allstate with respect to the first count of its complaint and Nair's counterclaim.  Although Allstate made a claim for money damages, no damages will awarded at this time.  Allstate agreed to my suggestion to defer an award of damages pending any future determination that Nair should be held in contempt for violating the injunction imposed by this order.  In short, Nair can avoid a substantial monetary award against him by complying with the terms of the injunction set forth below.

For the reasons set forth above and on the record in the oral ruling, dated September 8, 2010, it is hereby ordered that Nair shall comply with the terms of and perform all obligations of the settlement agreement, including but not limited to, the general release (paragraph 4) and the non-disparagement clause (paragraph 8), and refrain from further violations of the settlement agreement.

It is further ordered that Nair, and all persons acting in concert with him, are permanently enjoined from seeking, demanding, or otherwise requesting in any manner – written or oral – that

---

[1] During the hearing Nair alleged, for the first time, that he had revoked the settlement agreement and that in any event the settlement agreement was fraudulent.  Specifically he stated that he contacted, by phone, an Allstate representative and revoked the settlement agreement and that the first page of the agreement was modified to lessen the settlement amount from $1,200,000 to $44,465.58.  Nair had ample opportunity to raise those issues in the prior action.  He failed to do so.  The validity of the settlement agreement has been litigated and is settled.  *See Nair v. Carmichael,* No. 3:03cv1688 (SRU), 2004 WL 2381557 (D. Conn. Sept. 30, 2004).

[2] I dismissed, without prejudice, Allstate's claim for breach of the covenant of good faith and fair dealing.

Allstate or any of its officers, directors, employees, attorneys or agents pay Nair money allegedly owed as a result of his relationship with Allstate as an Exclusive Agent or the termination of Nair's agency relationship with Allstate.

Nair and all persons acting in concert with him, are also permanently enjoined from making any statement – written or oral – in any setting or forum, including at any Allstate meeting or event, for the purpose of seeking or demanding in any manner that Allstate or any of its officers, directors, employees, attorneys or agents pay Nair money allegedly owed as a result of his relationship with Allstate as an Exclusive Agent or the termination of Nair's agency relationship with Allstate.

Nothing in this order shall be interpreted as limiting Nair's right to participate at Allstate shareholders' meetings in a manner that does not violate the settlement agreement and does not involve demanding money from Allstate or its officers, directors, employees, attorneys or agents.

Violation of the terms of this Order shall result in monetary sanctions, including the damages voluntarily deferred by Allstate and otherwise awardable against Nair under count one of Allstate's complaint.

The clerk shall enter judgment and close this case.

So ordered.

Dated at Bridgeport, Connecticut this 13th day of September 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge