UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Allstate Insurance Co., | : | |
|     Plaintiff, | : | Civ. No. 3:10cv88 (SRU) |
| | : | |
| v. | : | |
| | : | |
| Radhakrishnan Nair, | : | |
|     Defendant. | : | |

SECOND RULING AND ORDER OF CONTEMPT

On May 13, 2011, I found that Radhakrishnan Nair willfully violated the September 13, 2010 permanent injunction prohibiting Nair from, among other things, making any statement -- written or oral -- for the purpose of seeking or demanding in any manner that Allstate Insurance Co. ("Allstate") or any of its officers, directors, employees, attorneys or agents pay Nair money allegedly owed as a result of his relationship with Allstate as an Exclusive Agent or the termination of Nair's agency relationship with Allstate. *See* doc. # 51 (Ruling and Order of Contempt). I determined that Nair has demonstrated a flagrant disregard for the terms of the permanent injunction and that his conduct indicated that Nair is likely to continue to press Allstate and its counsel to "settle the balance of [his] claim long overdue." *Id.* at 6. I further determined that the nature and character of Nair's requests are forceful, at times threatening, and are a continuation of a years' long period of harassment waged against Allstate and its counsel in this matter. Although I declined to impose sanctions on Nair for his prior violation of the permanent injunction, I ordered that any future violation of the permanent injunction would result in the imposition of escalating sanctions. *Id.*

Allstate now moves for a second order of contempt and the imposition of coercive sanctions. Doc. # 52. In support of its motion Allstate identifies three communications Nair made with it and/or its counsel in which Nair demands payment for money allegedly owed to him in violation of the permanent injunction. On May 16, 2011, Nair sent an email to Allstate's counsel, Wystan Ackerman

of Robinson & Cole LLP. Copies of the email were also sent to various Allstate personnel and board members. The email demanded payment of $10,920,000 from Allstate and an offer to compensate Ackerman for being able to secure the amount from Allstate. Doc. # 52-4 ("Second Notice & Invoice to Wystan Ackerman Dated May 16, 2011"). In that demand, Nair also threatens to sue Ackerman for malpractice and increase the demand to $11,000,000. *Id.*

On May 23, 2011 Nair sent an email to Allstate's directors as well as its counsel and Secretary, Mary J. McGinn. Nair renewed his demand for the immediate payment of $10,920,000 and accused McGinn of bribing the court. Doc. # 52-5 ("Weekly Communication With Members of Allstate Board of Directors"). On May 31, 2011, Nair sent a third email directed to Allstate's General Counsel, Michele C. Mayes, and Secretary McGinn. In the communication Nair threatens that if Allstate's counsel does not settle Nair's original claim in the amount of $1,155,534.45 by June 15, 2011, Allstate must then sue Robinson and Cole LLP for malpractice and to recover $11,000,000. Doc. # 53 (Motion for Leave to File Supplemental Memorandum in Support of Plaintiff Allstate Insurance Company's Second Motion for Contempt) and doc. # 53-3 ("Weekly Communication With Members of Allstate Board of Directors").

"A party who violates an injunction entered by the district court faces the threat of both civil and criminal contempt." *Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 657 (2d Cir. 2004), citing *Timken Roller Bearing Co. v. United States,* 341 U.S. 593, 604 (1951) (Reed, *J.,* concurring); *Universal City Studios, Inc. v. N.Y. Broadway Int'l Corp.,* 705 F.2d 94, 96 (2d Cir. 1983). "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *New York State Nat. Organization for*

*Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir. 1989), citing *EEOC v. Local 638, Local 28 of Sheet Metal Worker's Int'l Ass'n,* 753 F.2d 1172, 1178 (2d Cir. 1985), *aff'd*, 478 U.S. 421 (1986).

Nair's three communications to Allstate and its counsel violate the permanent injunction. First, the terms of the permanent injunction are clear and unambiguous. *See* doc. # 38. The plain language of the permanent injunction provides that Nair is permanently enjoined from seeking, demanding, or otherwise requesting in any manner – written or oral – that Allstate or any of its officers, directors, employees, attorneys or agents pay Nair money allegedly owed as a result of his relationship with Allstate as an Exclusive Agent or the termination of Nair's agency relationship with Allstate. Second, the proof of noncompliance is clear and convincing. *See* docs. ## 52 and 53 and accompanying exhibits. The evidence demonstrates that on three occasions -- May 16, 2011, May 23, 2011, and May 31, 2011 -- Nair willfully violated the terms of the permanent injunction in a manner that warrants the imposition of a fine. *Dole Fresh Fruit Co. v. United Banana Co.,* 821 F.2d 106, 110 (2d Cir. 1987).

In light of the foregoing, Allstate's motions for contempt and to supplement are granted and it is hereby ordered that the following sanctions be imposed on Nair. Nair shall pay to the Clerk of the Court, within fourteen days of this order, a fine of $500 for the first violation, $750 for the second violation, and $1000 for the third violation, for a total fine of $2250.

So ordered.

Dated at Bridgeport, Connecticut this 16th day of June 2011.

/s/ Stefan R. Underhill\_\_\_\_
Stefan R. Underhill
United States District Judge